BESS M. BREWER, #100364
LAW OFFICE OF
BESS M. BREWER & ASSOCIATES
P.O. Box 5088
Sacramento, CA 95817
Telephone: (916) 509-7051

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD M. CUTHBERT,  )<br>  )<br>  Plaintiff,  )<br>  )<br>  v.  )<br>  )<br>CAROLYN W. COLVIN  )<br>ACTING COMMISSIONER OF SSA,  )<br>  Defendant.  )<br>  )<br>_____) | Case No.   12-cv-01465 GSA<br><br>**STIPULATION AND ORDER APPROVING SETTLEMENT OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT** |

IT IS HEREBY STIPULATED by and between the parties, through their undersigned counsel, subject to the Court's approval, that Plaintiff be awarded attorney fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), in the amount of THREE THOUSAND FOUR HUNDRED SEVENTY FOUR   DOLLARS AND FORTY THREE CENTS (**$3474.43**). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).  After the Court issues an order for EAJA fees and expenses to Plaintiff, the government will  consider the matter of Plaintiff's assignment of EAJA fees and expenses to Plaintiff's attorney.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (U.S. June 14, 2010), the ability to honor the assignment  will depend on whether the fees and expenses are subject to any offset allowed under the United States   Department of the Treasury's Offset Program. After the order for EAJA fees and expenses is entered,   the

1  government will determine whether they are subject to any offset.

2      Fees and expenses shall be made payable to Plaintiff, but if the Department of the Treasury
3  determines that Plaintiff does not owe a federal debt, then the government shall cause the payment of
4  fees, expenses and costs to be made directly to Bess M. Brewer, pursuant to the assignment executed
5  by Plaintiff. Any payments made shall be delivered to Plaintiff's counsel.

6      This stipulation constitutes a compromise settlement of Plaintiff's request for EAJA attorney
7  fees and expenses, and does not constitute an admission of liability on the part of Defendant under
8  the EAJA.  Payment of the agreed amount shall constitute a complete release from, and bar to, any
9  and all claims   that Plaintiff and/or Plaintiff's counsel may have relating to EAJA attorney fees and
10 expenses in connection with this action.

11     This award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act
12 attorney fees under 42 U.S.C. § 406, subject to the offset provisions of the EAJA.

13
14
15 Dated: December 20, 2013            /s/Bess M. Brewer
                                      BESS M. BREWER
16                                    Attorney at Law

17                                    Attorney for Plaintiff
18
19
20 Dated: December 20, 2013            Benjamin B. Wagner
                                      United States Attorney
21
22                                    /s/ Armand Roth
                                      ARMAND ROTH
23                                    Special Assistant United States Attorney
                                      Attorneys for Defendant
24
25
26
27
28

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED that Plaintiff shall be awarded attorney fees in the amount of THREE THOUSAND FOUR HUNDRED SEVENTY FOUR DOLLARS AND FORTY THREE CENTS ($3474.43), as authorized by 28 U.S.C. § 2412(d), subject to the terms of the above-referenced stipulation. All payments shall be made pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) as outlined above.

IT IS SO ORDERED.

Dated:   **December 31, 2013**                             **/s/ Gary S. Austin**
                                                                                  UNITED STATES MAGISTRATE JUDGE